JUSTICE GRAY,
concurring in part and dissenting in part.
¶58 I join in the Court’s resolution of both issues in the appeal brought by W.R. Grace and also its resolution of the first issue on cross-appeal raised by the Finstads. I respectfully dissent, however, from the Court’s resolution of the second cross-appeal issue, namely, whether the District Court abused its discretion in allowing W.R. Grace to present certain evidence during the punitive damage mini-trial. I would affirm the District Court on that issue.
¶59 As the Court properly notes, our standard in reviewing a trial court’s evidentiary rulings is abuse of discretion. Moreover, the discretion vested in the trial courts on such matters is “broad.” See Busta, 276 Mont. at 353, 916 P.2d at 128. Thus, while broad discretion certainly is not without limits, that standard does not permit this Court to simply substitute its judgment for that of the trial court. Indeed, the standard for abuse of discretion is whether the district court “acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice.” Shilhanek v. D-2 Trucking, Inc., 2000 MT 16, ¶ 24, 298 Mont. 101, ¶ 24, 994 P.2d 1105, ¶ 24 (citation omitted). This standard is — and must remain — a difficult one to meet. I submit that nothing in the Court’s analysis of whether the District Court abused its discretion in admitting W.R. Grace’s challenged evidence supports an abuse of discretion determination in this regard.
*257 ¶60 Section 27-l-221(7)(a), MCA, expressly provides that, in any separate proceeding to determine the amount of punitive damages to be awarded, “the defendant’s financial affairs, financial condition, and net worth must be considered.” The Court makes no showing that the challenged testimony at issue here does not relate to W.R. Grace’s financial affairs and financial condition. Indeed, how the existence of the approximately 97,000 asbestos cases pending against W.R. Grace nationwide could fail to relate to its financial affairs and condition is beyond imagining. In addition, the expert economic testimony regarding the potential value of such claims — which the Court chooses to call “fictional” — was presented through the time-honored method of inquiring of experts about hypothetical scenarios.
¶61 It is true, as the Court posits, that the Legislature did not expressly include pending or potential litigation against a defendant in enacting § 27-1-221(7), MCA. It did, however, as noted above, mandate consideration of the defendant’s “financial affairs, financial condition, and net worth ...” See § 27-l-221(7)(a), MCA. I submit that such broad categorization of matters bearing on a defendant’s financial condition which must be considered by a jury in determining the amount of punitive damages to be awarded easily encompasses the evidence at issue here. Nor — the Court’s implication to the contrary notwithstanding — is there any requirement for an itemized listing of every conceivable kind of information which might fall within those categories, especially given the Legislature’s inclusion of such broad categories of information in the first instance.
¶62 Furthermore, the language the Legislature used in § 27-l-221(7)(b)(ix), MCA, that matters to be considered include “any other circumstances that may operate to... reduce, without wholly defeating, punitive damages[,]” matches the breadth of the mandatory categories of information relating to a defendant’s financial condition set forth in § 27-l-221(7)(a), MCA. Clearly, given the jury’s award of $83,000 in punitive damages, the W.R. Grace evidence at issue did not wholly defeat punitive damages in the present case. Just as clearly, that evidence easily falls within the broad “any other circumstances” serving to reduce punitive damages language used by the Legislature.
¶63 The Court’s somewhat facile observation that the Legislature did not include “other pending or potential litigation” within the ambit of matters to be considered is insupportable given the breadth of the language the Legislature quite purposely did use in both sub *258 sections (a) and (b) of § 27-1-221(7), MCA. Its further statement that the type of evidence at issue here “could not have been” what the Legislature intended is, itself, entirely speculative and equally insupportable in light of the legislative language.
¶64 For these reasons, it is clear that the District Court did not act arbitrarily without employment of conscientious judgment or exceed the bounds of reason in admitting the challenged evidence. Consequently, there is no abuse of discretion here.
¶65 Finally, even assuming arguendo that an abuse of discretion had been established, error cannot be predicated on a ruling admitting evidence “unless a substantial right of the party is affected[.]” Rule 103(a), M.R.Evid. Since punitive damages were awarded and, as a result, the evidence at issue did not wholly defeat such a recovery, I cannot see how the Finstads’ substantial rights were affected. True, they sought — and hoped for — a larger punitive damage award. The Court apparently agrees a larger punitive damage award should have been made. Neither seeking nor hoping, however, constitutes a “substantial right” to a larger punitive damage award. Such matters are solely within the province of the jury.
¶66 I would affirm the District Court’s admission of the W.R. Grace evidence at issue here. I dissent from the Court’s failure to do so.